[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a promissory note brought by the holders of the note against the maker. The note is secured CT Page 6527 by property owned by Ronald Worthington, Uncle of David Worthington, who had been charged with a capitol felony.
According to the facts introduced at the trial, David Worthington, Judy Cooley and Ronald Worthington had hired the firm of Ebenstein abd Ebenstein, P.C. to defend David Worthington in a criminal action for the sum of $20,000.00; $5,000 payable in cash and the balance in the form of a note and second mortgage on Ronald Worthington's property.
In September of 1985 Ebenstein and Ebenstein, P.C. informed Ronald Worthington and his family that the firm could no longer handle the case and had made arrangements for another attorney, Jon Schoenhorn, to represent David Worthington.
After meeting with the defendant, Ronald Worthington and Judy Cooley, as well as Douglas Ebenstein, the plaintiff agreed to handle the case and accept an assignment of the note and mortgage as payment for the representation.
Prior to this assignment the defendant claims, through testimony of Judy Cooley, that the promissory note had been nearly paid in full and that signed receipts showed that the balance due Ebenstein and Ebenstein was $8,854.50 as of April 17, 1984 (Defendant's Exhibit 7).
The plaintiff claims he is a holder in due course and not subject to the defenses the defendant Ronald Worthington has against the original holder of the note, Ebenstein and Ebenstein, and is entitled to full payment on the note. The plaintiff claims that although he knew that some payment had been made to Ebenstein and Ebenstein, he was under the impression that payment had been made for other work done on the case for a lengthy bail hearing and an appeal to the Connecticut Supreme Court. The reason that the plaintiff was told of these payments to Ebenstein and Ebenstein was to explain why David Worthington could not come up with any further money and the plaintiff would have to rely solely on the promissory note for compensation.
The most compelling argument that the plaintiff believed that the note had not been paid was the fact that he would not have taken the case if the note had been substantially paid before that time. The plaintiff did not ask for appointment to be a special public defender and when he was appointed it was for the purpose for reimbursement of expenses only.
The controlling case regarding the shifting burden of CT Page 6528 proof is Funding Consultants, Inc. v. Aetna Casualty and Surety Co., 187 Conn. 637. In that case the Court stated:
 Evidence of the existence of a personal defense, does however, shift the burden of proving his due course status . . ., That burden requires the holder to prove his taking of the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.
The Court further defined "Good faith" as "honesty in fact in the conduct or transaction concerned." Funding Consultants, Inc. v. Aetna Casualty and Surety Co., 187 Conn. 637,642 (1982).
 "Good Faith" is defined by the Code as honesty in fact in the conduct or transaction involved . . . good faith is determined by looking to the mind of the particular holder who is claiming to be a holder in due course, not what the state of mind of a prudent man should have been . . . . The basic philosophy of the holder in due course status is to encourage free negotiability of commercial paper by removing certain anxieties of one who takes the paper as an innocent purchaser knowing no reason why the paper is not as sound as its face would indicate.
Breslin v. New Jersey Investors, Inc., 70 N.J. 466,361 A.2d 1, 3, 4 (1976).
The Court is satisfied that the plaintiff has sustained his burden of proof that he was a holder in due course.
Judgment for the plaintiff may enter in the amount of $15,000.00 plus interest at twelve percent (12%) from April 19, 1983 to this date plus costs in accordance with the affidavit of Debt dated April 25, 1991.
HARRY JACKAWAY Superior Court Judge CT Page 6529